Curtis **SWOPSHIRE** and Derrick A. Swopshire, Appellants
(Defendants below),

v.

**STATE** of Indiana, Appellee
(Plaintiff below).

No. 783S260.

Supreme Court of Indiana.

Aug. 9, 1984.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellants.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendants, Curtis and Derrick Swopshire, were convicted by a jury of Robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns Supp.1984). Thereafter, both men were sentenced to terms of twenty and thirty years' imprisonment, respectively. Their direct appeal to this Court raises the following issue:

1. Whether the evidence is sufficient to sustain the convictions.

A summary of the facts from the record most favorable to the state shows that on the evening of February 2, 1982, Warren Forbes, a Bryan, Ohio, resident, drove his car to Fort Wayne, Indiana. He decided to stop at a local restaurant for dinner. After eating, Forbes left the restaurant and stopped at a topless bar for a drink. He then left for another night club where he stayed until the 3:00 a.m. closing time. When Forbes departed three young men who were also at the night club requested a ride from Forbes. He later identified defendants as two of the three men who were in his car that morning. One of the three men then directed Forbes to the Three Rivers Apartment parking lot near the area where the three men lived. When the car came to a stop, one of the men grabbed Forbes from behind while the others took Forbes's wallet, watch, and other personal items. The men ordered Forbes to get out of the car but he refused. They were successful, however, in prying Forbes's hands from the steering wheel and removing him from the car. While outside the car, the men struck Forbes several times causing serious injury to Forbes's right eye. Leaving Forbes in the parking lot, the three men drove away in his car. Forbes then walked to a nearby fire station where he reported what had happened to Officer Stephen Haynes. Haynes immediately put out a dispatch on his radio concerning Forbes's car. Based on the description of the car, another police officer stopped the car and apprehended the suspects. When Forbes arrived on the scene, he identified the three men as the ones who had attacked him in the parking lot. The police officers also recovered Forbes's wallet and wristwatch from the suspects.

I.

Defendants' only claim here is that there exists no substantial evidence of probative value from which the jury could infer guilt beyond a reasonable doubt. We disagree.

It is well settled that when this Court is confronted with a challenge to the sufficiency of the evidence, we may not weigh the evidence nor judge the credibility of witnesses. Rather, we are required as an appellate tribunal to examine the evidence most favorable to the fact finder's conclusion, together with reasonable inferences which may be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the fact finder's conclusion that the defendant was guilty beyond a reasonable doubt, it will not be disturbed. *Burgess v. State,* (1984) Ind., 461 N.E.2d 1094; *Easley v. State,* (1981) Ind., 427 N.E.2d 435.

Defendants' challenge to the sufficiency of the evidence is based in part on

their assertion that Forbes's heavy consumption of alcohol on the night of the incident rendered his subsequent testimony suspect. Maybe so. But Forbes's condition was known to the jury and it was for them, rather than this Court, to decide the weight to be given his testimony. Defendants further argue that the third person not charged in the instant case committed the crime for which they are charged. However, the record here shows that both defendants were active participants in the incident. Forbes testified that all three men beat on him at one time or another. Moreover, the law is clear in this state that an accomplice is criminally liable for everything done by his confederates which was a probable and natural consequence of their common plan. *Proctor v. State*, (1979) 272 Ind. 357, 397 N.E.2d 980; *Dozier v. State*, (1976) 264 Ind. 329, 343 N.E.2d 783. It is therefore unnecessary that defendants act out each element of an offense; the acts of their accomplice are imputed to them. The record here clearly supports defendants' convictions of robbery.

For the foregoing reason, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.