**Karl A. HAYNES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1084 S 397.**

Supreme Court of Indiana.

July 2, 1985.

Aaron E. Haith, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Karl A. Haynes was found guilty by a jury in the Marion Superior Court of murder and class A felony conspiracy to commit murder. The trial judge subsequently sentenced Appellant to thirty years imprisonment for class A felony conspiracy and to forty years imprisonment for murder. Appellant now directly appeals and raises the following two issues for our review:

1. sufficiency of the evidence; and
2. whether Appellant's sentences are manifestly unreasonable.

The facts adduced during trial show the following. During the afternoon of August 1, 1983, Co-defendant Carl Isom and two friends roamed around the near northside of Indianapolis trying to sell marijuana. In the vicinity of 25th and Delaware Streets, Isom attempted to sell marijuana to three men on bicycles but an altercation ensued and Isom was beaten and his marijuana was taken by one of the men, Curtis Payton. Isom subsequently contacted Appellant who obtained a .25 caliber handgun for him and drove him to where his companions were waiting. Appellant was armed with a .32 caliber revolver. Appellant, Isom and the others thereupon conducted a search for the men who had taken Isom's marijuana and eventually observed Payton near a liquor store. Appellant and Isom

there confronted Payton and demanded the return of Isom's "reefer." Isom shot Payton and Appellant hit Payton in the face as he turned to flee. Appellant then joined with Isom in pursuing Payton and both fired their guns at the fleeing Payton. Payton was found dead nearby, having died from two .25 caliber bullet wounds.

### I

Appellant first challenges the sufficiency of the evidence by which he was convicted of murder and conspiracy to commit murder. Specifically, Appellant argues that his murder conviction is not supported by evidence of an intent to commit murder and that his conspiracy conviction is not supported by evidence of any agreement to commit murder. It is well-settled that when reviewing the sufficiency of evidence, this Court will neither reweigh the evidence nor determine the credibility of the witnesses. *Randall v. State*, (1985) Ind., 474 N.E.2d 76, *reh. denied.*

We already have set forth above a rendition of the pertinent facts of this case. The evidence shows that when Carl Isom went to Appellant for aid, Appellant was able to provide Isom with a gun and then went with Isom to find the men Isom claimed had beaten him earlier. When the two located Curtis Payton, Appellant cautioned Isom to slow down in his approach so as to avoid being detected. When Isom finally confronted Payton and demanded the return of his marijuana, Appellant hit Payton. Appellant then joined Isom in pursuit of Payton as he attempted to flee. Appellant fired shots from his gun at the fleeing Payton. Although Appellant claimed that he fired only into the air with his .32 caliber revolver, the police found bullet holes in the side of a nearby house where they recovered a .32 caliber bullet. The jury therefore could reasonably infer that Appellant fired at the fleeing Payton which was corroborated by Isom's statement to the police shortly after his arrest.

Considering the facts, we find that ample evidence was presented to establish Appellant's guilt as an accomplice to murder.

We have held that "an accomplice is criminally liable for everything done by his confederates which was a probable and natural consequence of their common plan." *Swopshire v. State*, (1984) Ind., 466 N.E.2d 714, 716. *See also Reynolds v. State*, (1984) Ind., 460 N.E.2d 506, *reh. denied*, Ind., 463 N.E.2d 1087; *Harris v. State*, (1981) Ind., 425 N.E.2d 154. Moreover, we have held that "an accomplice need not act out each element of an offense, the acts of one accomplice being imputed to all." *Reynolds*, 460 N.E.2d at 511. *See also Swopshire, supra; Harris, supra.* Accordingly, we find that the proof showing Appellant's guilt as an accomplice to the murder of Curtis Payton is sufficient to support Appellant's murder conviction.

In Appellant's case, there is no direct evidence of an agreement to commit murder. It is well-settled, however, that a "[c]onviction for a conspiracy may rest on circumstantial evidence alone." *Smith v. State*, (1984) Ind., 465 N.E.2d 1105, 1121, *reh. denied.* Indeed, "[t]he agreement as well as the requisite guilty knowledge and intent may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act." *Survance v. State*, (1984) Ind., 465 N.E.2d 1076, 1080, *reh. denied. See also Williams v. State*, (1980) 274 Ind. 94, 409 N.E.2d 571. The facts show that Appellant actively aided Carl Isom in his quest for vengeance. From these facts as stated above it can reasonably be inferred that an agreement existed between Appellant and Isom to kill the person who had taken Isom's marijuana. We accordingly find that the evidence established proof of Appellant's agreement to commit murder, his intent, and his overt acts in furtherance of the conspiracy agreement. The evidence therefore was sufficient.

### II

Appellant was sentenced, upon conviction, to forty years imprisonment for murder and to thirty years imprisonment for class A felony conspiracy. These are the presumptive sentences for these crimes.

Ind.Code § 35–50–2–3 (Burns 1985) [murder]; Ind.Code § 35–50–2–4 (Burns 1985) [class A felony]. Appellant now argues that his sentences are manifestly unreasonable since he was merely an accomplice and yet received the same sentences received by the principle, Carl Isom.

■ A reviewing court may not revise a sentence within the proper statutory limits unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. Moreover, a sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense and offender for which imposed. Ind.R.App.Rev.Sent. 2; *Corder v. State*, (1984) Ind., 467 N.E.2d 409. Notwithstanding Appellant's claim that he was a mere accomplice to these crimes, our law is clear that an accomplice is "subject to the same penalties and the same judicial discretion in their imposition as was the principle." *Rufer v. State*, (1980) 274 Ind. 643, 647, 413 N.E.2d 880, 882; *see also* Ind.Code § 35–41–2–4 (Burns 1985). Considering the cruel and callous nature of these offenses and the character of Appellant as indicated by the presentence report and by his demeanor before the trial court, we find that Appellant's sentences are not manifestly unreasonable.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.