**Karl HAYNES, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–9704–PC–251.

Court of Appeals of Indiana.

May 12, 1998.

Transfer Denied Sept. 2, 1998.

Susan K. Carpenter, Public Defender,
Amy E. Karozos, Deputy Public Defender,
Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Karl Haynes ("Haynes") appeals the post-conviction court's denial of his Petition for Post-conviction Relief challenging his convictions for Murder and Conspiracy to Commit Murder.[1] We affirm.

### Issue

Haynes raises four issues on appeal which we consolidate and restate as whether Haynes was denied fundamental due process as a result of the conduct of his trial and appellate counsel.

### Facts

The facts, as set forth by our supreme court in Haynes' direct appeal, are as follows:

During the afternoon of August 1, 1983, Co-defendant Carl Isom and two friends roamed around the near northside of Indianapolis trying to sell marijuana. In the vicinity of 25th and Delaware Streets, Isom attempted to sell marijuana to three men on bicycles but an altercation ensued and Isom was beaten and his marijuana was taken by one of the men, Curtis Payton. Isom subsequently contacted [Haynes] who obtained a .25 caliber handgun for him and drove him to where his companions were waiting. [Haynes] was armed with a .32 caliber revolver. [Haynes], Isom and the others thereupon conducted a search for the men who had taken Isom's marijuana and eventually observed Payton near a liquor store. [Haynes] and Isom there confronted Payton and demanded the return of Isom's "reefer." Isom shot Payton and [Haynes] hit Payton in the face as he turned to flee. [Haynes] then joined with Isom in pursuing Payton and both fired their guns at the fleeing Payton. Payton was found dead nearby, having died from two .25 caliber bullet wounds.

*Haynes v. State*, 479 N.E.2d 572, 573–74 (Ind.1985).

Isom and Haynes were each subsequently arrested and later prosecuted together in a joint trial. Isom did not testify at trial. However, his extra-judicial statement to police, which suggested that Haynes pointed his gun at the decedent and fired, was admitted through Detective Burgess. Haynes' trial attorney did not object to the admission of Isom's statement.

### Procedural History

Attorney William Erbecker represented Haynes at trial. Following a jury trial, Haynes was convicted for Murder and Conspiracy to Commit Murder. Haynes, through his appellate counsel Aaron Haith, then exercised his right to appeal. In so doing, Haynes claimed the evidence presented at trial was insufficient to support his convictions and that his sentence was manifestly unreasonable. Thereafter, our supreme court affirmed Haynes' convictions and sentence. *See Haynes v. State*, 479 N.E.2d 572 (Ind.1985). Haynes subsequently filed a Petition for Post-conviction Relief.

In his post-conviction petition, Haynes raised for the first time the errors alleged in the present appeal. After conducting an evidentiary hearing, the post-conviction court denied Haynes' request for relief. The following appeal ensued.

### Discussion and Decision

#### Standard of Review

A person convicted of, or sentenced for, a crime by a court of this state has a constitutional right to appeal that conviction or sentence directly to either this Court or the Indiana Supreme Court. Ind. Const. art. VII, § 6. "After a convicted or sentenced person's appeal, Indiana law permits such a person to seek 'post-conviction relief' through a special, quasi-civil action in certain circumstances and under certain conditions." *Roche v. State*, 690 N.E.2d 1115, 1119 (Ind. 1997).

Post-conviction procedures are reserved for subsequent collateral challenges and may not provide a "super appeal" for the

---

1. IND.CODE §§ 35–42–1–1 (Murder) and 35–41–5– 2 (Conspiracy).

convicted. *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993). Thus, if an issue was available on direct appeal but not litigated, it is deemed waived. *Madden v. State,* 656 N.E.2d 524, 526 (Ind.Ct.App.1995), *trans. denied.*

■■■ The post-conviction petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1(5); *Weatherford,* 619 N.E.2d at 917. "To the extent that a person seeking post-conviction relief (usually referred to as the 'petitioner') has been denied post-conviction relief by the post-conviction court, the petitioner appeals from a negative judgment." *Roche,* 690 N.E.2d at 1119–20. This is Haynes' situation in the present case. When an appeal is from a negative judgment, the petitioner must convince this Court that the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached by the trial court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.* at 1120.

### Waiver

In his post-conviction petition for relief, Haynes alleged, for the first time, several errors which he contends entitle him to relief. Haynes' allegations of error included (1) that the trial court committed fundamental error when it instructed the jury that sudden heat was an element of Voluntary Manslaughter[2], (2) that he was denied his constitutional right to confrontation when his non-testifying codefendant's extra-judicial statement was admitted at trial and (3) that he was denied effective assistance of trial counsel.

---

**2.** Because we find this issue is waived, we need not address it on the merits. However, we note that this precise issue, raised by Haynes' codefendant in his petition for post-conviction relief, was recently addressed and settled by our supreme court in *Isom v. State,* 651 N.E.2d 1151 (Ind.1995). There, the Court found that the Voluntary Manslaughter instruction given during

As set forth previously, the purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *Carrington v. State,* 678 N.E.2d 1143, 1146 (Ind.Ct.App.1997), *trans. denied.* If an issue was available on direct appeal, but not litigated, it is waived. *Id.*

■■ The record reveals that Haynes failed to object to the trial court's Voluntary Manslaughter instruction. He also failed to object to Detective Burgess' testimony regarding Isom's extra-judicial statement. Further, while Haynes took a direct appeal of the trial court's verdict to the Indiana Supreme Court, he again failed to raise any of the above-mentioned allegations of error, including any claim of ineffective assistance of trial counsel.

In determining that Haynes was not entitled to post-conviction relief, the post-conviction court concluded as follows:

> 2. [Haynes'] allegations concerning those matters at the trial level of this cause are waived as they were available to him on direct appeal; [Haynes] has failed furthermore in his burden of showing such issues would have been meritorious.

(PCR. 242).[3] For the foregoing reasons, we find the post-conviction court's conclusions were supported by the evidence and its determination of waiver to be proper under the circumstances.

### Fundamental Error/Ineffective Assistance of Counsel

Haynes attempts to avoid application of the waiver doctrine by asserting that it does not apply in the present case. Specifically, Haynes contends that he was denied fundamental due process as a result of the ineffective assistance of his trial counsel in committing these errors and his appellate counsel in

---

Isom's and Haynes' joint trial, while erroneous, did not constitute fundamental error.

**3.** Citations herein to specific pages in the trial record shall be preceded by the letter "R." Citations to the post-conviction record shall be preceded by the letters "PCR."

failing to raise these errors during his direct appeal.

■ It is true that we have acknowledged an exception to the waiver rule in circumstances where the trial court committed "fundamental error." However, "we view this exception as an extremely narrow one, available only when the record reveals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied." *Canaan v. State*, 683 N.E.2d 227, 235 n. 6 (Ind.1997), *petition for cert. filed.*

■ "Fundamental error has been an evolving doctrine with a consistent descriptive theme involving the denial of fundamental due process.... For a mistake to constitute fundamental error, it must be so prejudicial to the rights of a defendant as to make a fair trial impossible." *Lacey v. State*, 670 N.E.2d 1299, 1302 (Ind.Ct.App. 1996) (quotation marks and citations omitted). In reviewing the fundamental fairness doctrine, we have expressed concern that this doctrine should not become a safe harbor for defendants who fail to raise proper and timely objections at trial. *Id.*

> One of the cornerstones of our litigation process has been the contemporaneous objection rule. With this guidepost in mind, we [have] held that [t]he doctrine of fundamental error exists as the exception to the rule since it permits consideration on appeal of errors to which no objection was made at trial.... *The mere fact that error occurred and that it was prejudicial will not suffice.* That, after all, is the ordinary rule for reversal on appeal when the contemporaneous objection has been made. *Rather the error must be one such that the defendant could not possibly have had a fair trial or such that this court is left with the conviction that the verdict or sentence is clearly wrong or of such dubious validity that justice cannot permit it to stand.*

*Id.* (first emphasis added). Additionally, in determining whether fundamental error has occurred, we consider the character of the error and its effect upon the trial as a whole. *Id.* Further,

While concerns over due process do sometimes merit invocation of a fundamental error exception to the contemporaneous objection rule *on direct appeal*, we think its availability as an exception to the waiver rule in post-conviction proceedings is generally limited to those circumstances we set forth in *Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind.1985): '[D]eprivation of the Sixth Amendment right to effective assistance of counsel, or ... an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal.'

*Canaan*, 683 N.E.2d at 235 n. 6. Haynes has failed to demonstrate that the issues raised in his post-conviction relief petition were unavailable to him at trial or upon direct appeal. Consequently, our analysis focuses solely upon his Sixth Amendment right to effective assistance of appellate counsel.

■ We analyze the claim of ineffective assistance of appellate counsel according to the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Roche*, 690 N.E.2d at 1120.

> First, we require the defendant or petitioner to show that, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance. This showing is made by demonstrating that counsel's performance was unreasonable under prevailing professional norms. Second, we require the defendant or petitioner to show adverse prejudice as a result of the deficient performance....
>
> A petitioner claiming ineffective assistance of appellate counsel or ineffective assistance of trial counsel must show both deficient performance and resulting prejudice. The failure to establish either prong will cause the claim to fail. And where the claim is that appellate counsel was ineffective for failing to claim on direct appeal the ineffective assistance of trial counsel, the petitioner must establish both deficient performance and resulting prejudice on the part of both trial counsel and appellate counsel. Conversely, the failure to establish either prong with respect to either

trial or appellate counsel will cause the entire claim to fail.

*Roche,* 690 N.E.2d at 1120. "However, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Games v. State,* 684 N.E.2d 466, 468 (Ind.1997), *modified on reh'g,* 690 N.E.2d 211. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be the case, that course should be followed. *Id.*

■ Haynes is appealing the denial of his petition for post-conviction relief which complicates the ineffective assistance of counsel analysis. Consequently, Haynes has the additional hurdle of convincing this Court that the evidence, as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. Moreover, when this court reviews a post-conviction court's negative judgment, we "focus on whether there is evidence supporting the post-conviction court's judgment that the result was fair and reliable, not simply whether there is 'no evidence' supporting the conviction." *Games,* 690 N.E.2d at 214. In applying this standard of review, we find Haynes' allegation of fundamental error unpersuasive.

■ The record reveals that while Haynes was represented by different attorneys during his trial and direct appeal, he failed to assert his claim of ineffective assistance of trial counsel until he filed his Petition for Post-conviction Relief. Thus, the post-conviction court properly determined that Haynes waived this issue. Waiver notwithstanding, a careful review of the entire record leaves this Court with the firm conviction that Haynes also failed to sustain his burden of establishing prejudice to his substantial rights as a result of the alleged deficient performances of both his trial and appellate attorneys.

■ There was undisputed evidence presented at trial that Haynes provided Isom with a .25 caliber handgun and that he also armed himself with a .32 caliber handgun. The evidence further showed that Haynes (1) drove Isom and two other men around the neighborhood to look for the men who stole Isom's "reefer", (2) punched the decedent in the face as he attempted to run away after being shot, (3) chased the decedent, and (4) fired his gun. Additionally, while Haynes denied firing his gun at the decedent, police found a .32 caliber bullet, which could have been fired from Haynes' gun, embedded approximately three feet above the ground in a wall of a house located directly behind where the decedent had been standing. (R. 372–73, 458–61).[4] Furthermore, as a result of Haynes' direct appeal, our supreme court has already determined that there was sufficient evidence in the present case to support Haynes' convictions under an accomplice theory of liability.[5]

■ We conclude, therefore, that the evidence in this case, when viewed in its entirety, did not lead unerringly and unmistakably to a decision opposite that reached by the post-conviction court. In fact, the totality of the evidence illustrates that there was sufficient, indeed overwhelming, evidence that supported Haynes' convictions in the present case. Thus, assuming without conceding that the alleged errors of Haynes' trial attorney were prejudicial to Haynes, we find that Haynes has failed to prove by a preponderance of the evidence that said errors substantially impaired his opportunity for a fair trial, thereby resulting in a denial of his fundamental right to due process. Based on our holding on this issue, we further conclude that Haynes was not denied effective assistance of counsel when his appellate attorney failed to raise the issues herein complained of, including the claim of ineffective assis-

4. Contrary to Indiana Appellate Rule 7.2(A)(3)(a), the page numbers in the trial record were not clearly set forth at the bottom of each page. Consequently, our citation to the record here is our best estimation of the correct page of the record. Counsel's lack of attention to detail in this matter created a significant impediment to our review of the record. Thus, Counsel is admonished to make sure that, in the future, each and every page of the record be clearly numbered in accordance with our rules.

5. Ind.Code § 35–41–2–4.

tance of trial counsel during Haynes' direct appeal. *See Isom,* 651 N.E.2d at 1153 n. 5.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.