Dillard Lee LANDIS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 64A05–9906–PC–267.

Court of Appeals of Indiana.

April 4, 2000.

Dillard Lee Landis, Valparaiso, Indiana Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Petitioner–Appellant Dillard L. Landis (Landis) appeals the denial of his pro se petition for post-conviction relief.

We affirm.

### ISSUES

Landis raises five issues for our review, which we consolidate and restate as follows:

1. Whether the State is barred from raising the affirmative defense of waiver or res judicata because of its failure to properly adhere to the pleading requirements for post-conviction proceedings.

2. Whether the post-conviction court's denial of Landis' petition constitutes fundamental error.

3. Whether Landis received ineffective assistance of trial and appellate counsel.

### FACTS AND PROCEDURAL HISTORY

On October 4, 1996, this court affirmed the trial court's decision convicting Landis of stalking his ex-girlfriend, Gerry Watcher (Watcher), a Class B misdemeanor, Ind. Code § 35–45–10–5.

On June 17, 1998, Landis filed a *pro se* petition for post-conviction relief. After a hearing where oral arguments were heard, the post-conviction court denied Landis' petition for post-conviction relief on February 17, 1999, including findings of facts and conclusions of law. Landis now brings this *pro se* appeal from the denial of his petition.

### DISCUSSION & DECISION

#### PCR Standard of Review

The purpose of a petition for post-conviction relief is to provide a means for raising issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Carrington v. State,* 678 N.E.2d 1143, 1146 (Ind.Ct.App.1997), *trans. denied.* Post-conviction procedures are reserved for subsequent collateral challenges and may not provide a "super appeal" for the convicted. *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993), *reh'g denied.* When the petitioner has already been afforded the benefit of a direct appeal, post-conviction relief contemplates a rather small window for further review. *Montano v. State,* 649 N.E.2d 1053, 1056 (Ind.Ct.App.1995), *trans. denied.* Thus, in general, if an issue was available on direct appeal but not litigated, it is deemed waived. *Madden v. State,* 656 N.E.2d 524, 526 (Ind.Ct.App.1995), *trans. denied.* But see *Woods v. State,* 701 N.E.2d 1208, 1220 (Ind.1998) (holding that "a Sixth Amendment claim of ineffective assistance of trial counsel, if not raised on direct appeal, may

be presented in postconviction proceedings."), *reh'g denied, cert. denied.*

A post-conviction petition under Ind. Post–Conviction Rule 1 is a quasi-civil remedy, and, as such, the petitioner bears the burden to prove by a preponderance of the evidence that he or she is entitled to relief. *Mato v. State,* 478 N.E.2d 57, 60 (Ind.1985); Ind. Post–Conviction Rule 1(5). On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witnesses. *Montano,* 649 N.E.2d at 1056. To prevail on appeal from the denial of a petition for post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995), *reh'g denied.* It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.* at 1120.

## I. *PCR Pleadings*

Landis argues that the State is prohibited from asserting the affirmative defense of res judicata in this appeal or at the post-conviction hearing because the State failed to timely file its responsive pleading as required by P–C.R.1 § 4(a).

P–C.R.1 § 4(a) states in relevant part:

Within thirty (30) days after the filing of the petition, or within any further reasonable time the court may fix, the state, by the Attorney General in capital cases, or by the prosecuting attorney in non-capital cases, shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted.

Landis filed his petition for post-conviction relief on June 17, 1998. On July 21, 1998, the post-conviction court set Landis' post-conviction hearing, and the State filed its Answer to Landis' petition for post-conviction relief on July 22, 1998. Thus, because the State failed to file its responsive pleading, asserting the affirmative defense of res judicata, within thirty days after Landis filed his petition, Landis claims that the trial court erred in allowing the State to raise the defense of res judicata. We disagree.

Although we agree that the affirmative defense of res judicata must be timely raised by the State in its responsive pleadings, we find that Landis was sufficiently apprised of the State's reliance on this defense, and the post-conviction court properly relied on the doctrine of res judicata in denying Landis' post-conviction relief petition. Landis filed his motion for post-conviction relief on June 17, 1998. On July 21, 1998, the court set a hearing on Landis' petition. On July 22, 1998, the State filed its Answer to Landis' petition for post-conviction relief, asserting that it intended to rely on the affirmative defenses of waiver and res judicata. Further, at the post-conviction hearing on January 21, 1999, oral arguments were heard, and the State argued the issue of res judicata and asked the court to deny Landis' petition on res judicata grounds. In addition, on February 17, 1999, the post-conviction relief court specifically found that Landis waived several of his arguments contained within his petition for his failure to raise these issues in his direct appeal. On February 19, 1999, Landis filed a motion to partially strike the State's answer to his petition, asserting that the State failed to raise the affirmative defenses within a timely responsive pleading and therefore waived the ability to raise them as a bar to his petition for post-conviction relief. The court denied Landis' motion on March 3, 1999. Based upon these facts, we conclude the purpose of requiring a timely answer, to advise the petitioner of the State's position regarding his claims, was satisfied in this case. *See Harrington v. State,* 466 N.E.2d 1379 (Ind.Ct.App.1984). In this case, Landis was adequately alerted prior to the hearing and during the hearing that the State intended to assert the defenses

of res judicata and waiver. However, Landis did not address the State's affirmative defenses at the hearing, and did not move to strike the State's answer until after the post-conviction court had denied his petition. Thus, Landis may not rely on the State's failure to timely file its answer affirmatively raising the defenses of waiver and res judicata.

## II. *Fundamental Error*

In his post-conviction petition for relief, Landis alleged, for the first time, several errors that he contends rise to the level of fundamental error, entitling him to relief. Specifically, Landis contends that: (1) the post-conviction court committed fundamental error by admitting evidence of Landis' prior bad acts without evaluating the admissibility of the evidence under Ind.Evidence Rule 404(b) and without determining the relevance of the evidence as required by Evid.R. 104(b); (2) he was prejudiced by prosecutorial misconduct when the State introduced evidence to the jury of Landis' expired "no contact" order, and then amended the charging information during trial; and (3) the post-conviction court committed fundamental error by failing to exclude as hearsay Watcher's testimony at trial that her neighbor told her that she observed and identified Landis behind Watcher's trailer.[1]

### *Fundamental Error Standard of Review*

Landis did not address these alleged errors in his direct appeal. While claims that were available, but not presented, on direct appeal are generally forfeited in post-conviction proceedings, forfeiture may not apply when the claimed error is fundamental. *Conner v. State*, 711 N.E.2d 1238, 1246 (Ind.1999), *reh'g denied*. As set forth previously, the purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or

available to the defendant at the time of the original appeal. *Haynes v. State*, 695 N.E.2d 148, 151 (Ind.Ct.App.1998), *trans denied*. If an issue was available on direct appeal, but not litigated, it is waived. *Id.* However, there exists an exception to the waiver rule in circumstances where the post-conviction court committed "fundamental error." *Id.* at 152. This exception is viewed as an extremely narrow one, available only when the record reveals clearly blatant violations of basic and elementary principles of due process, and the harm or potential for harm cannot be denied. *Id.* The doctrine of fundamental error has been described as a failure to meet the requirements of due process of law; however, it is clear that fundamental error is not equated with constitutional error. *State v. Daniels*, 680 N.E.2d 829, 835 (Ind.1997). To qualify as fundamental error, an error must be so prejudicial to the rights of the defendants to make a fair trial impossible. *Conner*, 711 N.E.2d at 1246. However, the fundamental error doctrine is not to be used as a safe harbor for defendants who fail to raise proper and timely objections at trial. *Haynes*, 695 N.E.2d at 152. Rather, the post-conviction fundamental error standard requires the defendant to persuade the court, by a preponderance of the evidence, that a violation of basic principles of law caused the defendant's conviction or sentence to be invalid. *Conner*, 711 N.E.2d at 1246.

### A. *Prior Bad Acts*

Landis argues that it was fundamental error for the post-conviction court to permit the State to present evidence of his prior conduct regarding uncharged crimes. Specifically, Landis contends that it was error to admit his prior conduct showing unwanted contact with the victim to prove an essential element of the stalk-

---

1. Landis claims fundamental error on hearsay grounds regarding Watcher's statement on direct examination that her neighbor told her that she saw Landis behind her trailer. Because this court has held that sufficient evidence exists to convict Landis of stalking, we find the admission of Watcher's statement of what her neighbor told her to be harmless error because sufficient evidence exists irrespective of Watcher's testimony.

ing charge, namely; Landis' course of conduct. Additionally, Landis asserts that it was error to admit evidence that he violated a previously issued no contact order in order to dispute his contentions that his contact with the victim was desired by the victim.

Evid.R. 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the defendant. It may, however, be admissible to prove motive, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

On August 5, 1995, Landis was charged with criminal stalking, as a Class A misdemeanor, under Ind.Code § 35–45–10–5(b)(2). The charging information alleged that Landis did, from July through August of 1995:

Knowingly or intentionally and repeatedly or continually harass Gerry Watcher f/k/a Gerry Florek by coming to her home and beating on her trailer; call her at her place of employment; come to her place of employment, send her flowers in violation of a no contact order from this court after having been given actual notice of the order in open court causing Gerry Watcher to feel terrorized, frightened, intimidated, and threatened.

(R. 184). Ind.Code § 35–45–10–1 defined stalking in the following manner:

As used in this chapter, "stalk" means a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened.

Prior to amendment in 1996, Ind.Code § 35–45–10–5 criminalized stalking. Specifically, Ind.Code § 35–45–10–5(b)(2) provided that:

The offense is a Class A misdemeanor if at least one (1) of the following applies:

\* \* \* \* \*

(2) A protective order or other judicial order under IC 31–1–11.5 has been issued by the court to protect the same victim or victims from the person and the person has been given actual notice of the order.

The evidence presented at trial of Landis' prior bad acts was presented to prove the specific elements of the crime of stalking. Specifically, those acts that occurred during the time frame alleged in the information, from July through August 1995, was offered to show Landis' course of conduct in order to prove that he was stalking Watcher. Further, the court instructed the jury that:

Evidence has been introduced that the defendant was involved in crimes other than those charged in the information. This evidence has been received solely on the issue of the defendant's truthfulness, purpose, intent, and motive. This evidence is to be considered by you only for the limited purpose for which it was received.

(R. 176). Landis' prior bad acts were presented only to prove the essential elements of the crime of stalking, and the trial court limited the consideration of such evidence solely to this purpose. Thus, Landis' prior bad acts were not presented to prove Landis' character, in contravention of Evid.R. 404(b).

■ Furthermore, when a defendant goes beyond merely denying the charged crimes and affirmatively presents a specific claim contrary to the charge, the State may then respond by offering evidence of prior crimes, wrongs, or acts to the extent relevant to prove some issue of genuine dispute other than character of a defendant in order to show conformity therewith. *Sundling v. State,* 679 N.E.2d 988, 993 (Ind.Ct.App.1997), *reh'g denied.* In this case, Landis went beyond merely denying the charges and presented a claim that any contact between him and Watcher was not unwanted, but was in fact desired

by her, stemming from a long-standing consensual relationship. Thus, Landis' affirmative position, contrary to that alleged by the State, justified the use of evidence of Landis' prior bad acts to demonstrate that the contact Landis had with Watcher was unwanted. Evidence of Landis' prior convictions for unwanted contact with Watcher, and his violation of a no contact order, was properly admitted to rebut Landis' affirmative position to the State's allegation that contact between Landis and Watcher was unwanted and amounted to stalking. Therefore, the post-conviction court properly denied Landis' petition that the trial court committed fundamental error by admitting the 404(b) evidence of his prior bad acts.

### B. *Prosecutorial Misconduct*

Next, Landis claims that the prosecutor engaged in misconduct by introducing evidence of an expired no contact order issued by the trial court against him. Specifically, Landis argues that the trial court committed fundamental error by allowing the prosecutor to present evidence of Landis' prior bad acts, including a no contact order issued against him to protect Watcher.

■ When reviewing a charge of prosecutorial misconduct, this court employs a two-step analysis: (1) we consider whether the prosecutor engaged in misconduct; and (2) we consider all the circumstances of the case to determine whether such misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *Stowers v. State*, 657 N.E.2d 194, 198 (Ind.Ct.App.1995), *trans. denied.* The latter is measured not by the degree of impropriety of the misconduct. *Id.* Instead, it is measured by the probable persuasive effect of the misconduct on the jury's decision and whether there were repeated examples of misconduct that would evince a deliberate attempt to unfairly prejudice the defendant. *Lowery v. State*, 640 N.E.2d 1031, 1038 (Ind.1994), *reh'g denied, cert. denied.*

Because Landis did not object to the misconduct at trial and did not raise the issue on his direct appeal, the issue will be waived unless it amounts to fundamental error. An error will be deemed fundamental if it was so prejudicial to the defendant that it was impossible for him to have a fair trial. *Lacey v. State*, 670 N.E.2d 1299, 1302 (Ind.Ct.App.1996). This court has held that prosecutorial misconduct may amount to fundamental error. *Stowers*, 657 N.E.2d at 198. *But see Hall v. State*, 646 N.E.2d 379, 381 (Ind.Ct.App. 1995) (finding that post-conviction petitioner had waived issue of prosecutor misconduct when he failed to present it on direct appeal), *reh'g denied, trans. denied.*

■ Here, the challenged conduct occurred on cross-examination of Landis. On cross-examination, the prosecutor questioned Landis about a no contact order issued by the court against him. However, as discussed above, Landis testified on direct examination that Watcher desired the contact between he and Watcher. Thus, on cross-examination, the prosecutor rebutted Landis' claim that his contact with Watcher was desired by her, with evidence of Landis' no contact order to prove Landis' course of conduct in contravention to his claim. We hold that the prosecutor did not engage in misconduct, and the post-conviction court properly denied Landis' petition for prosecutorial misconduct.

### III. *Ineffective Assistance of Counsel*

On October 4, 1996, Landis' conviction for stalking, as a Class B misdemeanor, Ind.Code § 35–45–10–5, was affirmed by this court. *Landis v. State*, 671 N.E.2d 212 (Ind.Ct.App.1996). The sole issue Landis presented for our review in his direct appeal was whether the State presented sufficient evidence to support his conviction.

On June 17, 1998, Landis filed his petition for post-conviction relief, claiming, among other things, ineffective assistance

of both his trial and appellate counsel. However, in its denial of Landis' petition for post-conviction relief, the post-conviction court found that by failing to raise the issue of ineffective assistance of counsel in his direct appeal of his conviction, Landis waived his right to do so in his petition for post-conviction relief.

Nevertheless, in this appeal from the denial of his petition, Landis now attempts to apply our supreme court's holding in *Woods v. State* to the case at hand. 701 N.E.2d 1208 (Ind.1998), *reh'g denied, cert. denied.* In that case, our supreme court held that a post-conviction hearing is normally the preferred forum to adjudicate an ineffectiveness claim. *Id.* at 1219. The court further noted that presenting such a claim often requires the development of new facts not present in the trial record, and the assessment of such a claim requires a court to consider the overall performance of counsel and the reasonable probability that the alleged error affected the outcome. *Id.* at 1218–1219.

However, after *Woods* was decided, our supreme court qualified the holding in *Woods,* finding that "*Woods* is clearly applicable prospectively, ... As *Woods* expressly noted, prior decisions of this Court ... have held that a post-conviction claim of ineffective assistance of trial counsel is waived if not asserted on direct appeal." *McIntire v. State,* 717 N.E.2d 96, 102 (Ind. 1999).

■ Therefore, in the present case, because this court affirmed Landis' conviction in his direct appeal on October 4, 1996, and our supreme court did not decide *Woods* until November 23, 1998, Landis did not have the opportunity of utilizing the holding of *Woods* in his direct appeal. However, because our supreme court also held in *McIntire* that *Woods* is to be applied prospectively, rather than retroactively, we hold that by failing to raise the issue of ineffective assistance of his trial and appellate counsel in his direct appeal, Landis thereby waived his right to raise the issue of ineffective assistance of trial

and appellate counsel in his petition for post-conviction and his appeal from the denial of his petition.

## CONCLUSION

Based on the foregoing, we find that the State was not barred from raising the affirmative defense of waiver or res judicata because of its failure to properly adhere to the pleading requirements for post-conviction proceedings. The post-conviction court properly denied Landis' petition for post-conviction relief without committing fundamental error. Finally, Landis waived his right to raise the issue of ineffective assistance of trial and appellate counsel because *Woods* is to be applied prospectively.

Affirmed.

KIRSCH, J., and SHARPNACK, C.J., concur.