**Dillard Lee LANDIS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 64S05–0010–PC–570.

Supreme Court of Indiana.

June 26, 2001.

Dillard Lee Landis, Appellant Pro Se.

Susan K. Carpenter, Public Defender, Douglas J. Essex, Deputy Public Defender, Indianapolis, IN, Attorneys for Amicus Curiae State Public Defender.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Petitioner Dillard Lee Landis sought post-conviction relief on grounds of ineffective assistance of counsel. This was ap-

propriate; he did not waive this claim by failing to raise it in his direct appeal even though his direct appeal pre-dated our opinion on this subject in *Woods v. State.* However, he is not entitled to relief as we agree with the post-conviction court that he did not suffer prejudice from any ineffective assistance of counsel.

*Background*

Petitioner Dillard Lee Landis was convicted of stalking, a Class B misdemeanor,[1] on December 11, 1995. He filed a petition for post-conviction relief on June 17, 1998. As required by Indiana Post Conviction Rule 1(6), the post-conviction court issued findings of fact and conclusions of law on February 17, 1999, denying the petition. Included in those findings and conclusions were the post-conviction court's holdings denying certain claims of fundamental error. The Court of Appeals rejected these. *See Landis v. State,* 726 N.E.2d 801, 805–07 (Ind.Ct.App.2000). We summarily affirm the Court of Appeals opinion on these claims. Ind. Appellate R. 11(B)(3).[2] We also summarily affirm the Court of Appeals conclusion as to Landis's claim that the State failed timely to file its answer affirmatively raising the defenses of waiver and res judicata. *See Landis,* 726 N.E.2d at 805.

The post-conviction court also determined that, by failing to raise the issue of ineffective assistance of counsel in his direct appeal of his conviction, Landis waived his right to do so in his petition for post-conviction relief. The Court of Appeals affirmed this determination, relying on our opinions in *Woods v. State,* 701 N.E.2d 1208 (Ind.1998), *cert. denied,* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999), and *McIntire v. State,* 717 N.E.2d 96 (Ind.1999). *See Landis,* 726 N.E.2d at

---

**1.** Ind.Code § 35–45–10–5 (1993).

**2.** Now Ind. Appellate Rule 58(A)(2).

808. We granted transfer to address this issue. *See Landis v. State,* 741 N.E.2d 1256 (Ind.2000) (table).

*Discussion*

I

█ We hold that neither *Woods* nor *McIntire* prevented Landis from seeking post-conviction relief on grounds of ineffective assistance of counsel. To explain our reasoning, we revisit those two decisions.

*Woods* created an exception for claims of ineffective assistance of counsel to the general rule that if an issue was available on direct appeal but not litigated, it is deemed waived and not available for litigation in post-conviction proceedings. *Woods* held that claims of ineffective assistance of counsel could be litigated in post-conviction proceedings if not (but only if not) litigated on direct appeal. *See Woods,* 701 N.E.2d at 1220.

Prior to *Woods,* there was debate over whether a claim of ineffective assistance of counsel was or was not waived if not raised on direct appeal. *Woods* acknowledged this:

> [S]ome of our decisions suggest, without examining the question in any detail, that any challenge to the effectiveness of trial counsel's representation may be raised for the first time in postconviction proceedings. *Lane v. State,* 521 N.E.2d 947 (Ind.1988) (ineffectiveness due to trial counsel's failure to call an alibi witness would have been available in postconviction, but defendant could not raise issue for first time on appeal through guise of ineffective assistance of postconviction counsel). Others could be read to imply the contrary. *Resnover v. State,* 547 N.E.2d 814, 816 (Ind. 1989) ("Ineffective assistance of counsel as an issue is known and available to a party on his direct appeal...."); *Metcalf v. State,* 451 N.E.2d 321 (Ind.1983)

(holding several assertions of alleged ineffectiveness to be waived without distinguishing between record-based contentions and those requiring evidentiary development).

. . .

> In sum, the availability of ineffective assistance of trial counsel in postconviction proceedings where it was not asserted on direct appeal is unresolved as a matter of this Court's precedent.

*Id.* at 1214–15 (quotations in original).

The case before us raises precisely the question that *Woods* answered: whether a petitioner for post-conviction relief who did not raise a claim of ineffective assistance of counsel on direct appeal may raise it for the first time in post-conviction proceedings. While *Woods* answered that question in the affirmative, the Court of Appeals relied on *McIntire* to hold that the *Woods* principle was not retroactive to cases like this one where the direct appeal had been litigated prior to the *Woods* decision.

But *McIntire* addressed an entirely different question. *McIntire* was a direct appeal, not an appeal from the denial of post-conviction relief. *See McIntire,* 717 N.E.2d at 98. And (most importantly) it was a direct appeal that was filed prior to the *Woods* decision. *See Id.* at 101. Given the conflicting precedent that the quotation from *Woods* set forth above describes, it is not surprising that appellate counsel in *McIntire* elected to include a claim of ineffective assistance of counsel in the direct appeal. Our *McIntire* opinion pointed out that *Woods* had clarified the law and made clear that if such claims were not raised on direct appeal in the future (we used the word "prospectively"), they would nevertheless not be deemed waived. *See id* at 102. And because *Woods* expressed a strong preference for considering such

claims in post-conviction proceedings, we declined to address the ineffective assistance of counsel claim in *McIntire* at all. *See id.*

Reading both *Woods* and *McIntire* together, and reading *McIntire* in context, yield these conclusions: first, there was no clear precedent prior to *Woods* as to whether an available claim of ineffective assistance of counsel was required to be litigated on direct appeal; second, *Woods* held that such claims could be litigated in post-conviction proceedings if (but only if) they were not litigated on direct appeal; third, because appellate counsel in *McIntire* included a claim of ineffective assistance of counsel in a direct appeal filed before *Woods* was decided, we declined to address the claim, thereby preserving it for post-conviction proceedings. As can be readily seen by these three conclusions, they do not provide any basis for holding that the failure to litigate a claim of ineffective assistance of counsel in a direct appeal decided before *Woods* precludes a petitioner from seeking post-conviction relief on that basis.

■ Because the state of the law on this subject was unclear prior to *Woods*, it was and is our intent that the failure to litigate a claim of ineffective assistance of counsel in a direct appeal does not preclude a petitioner from seeking post-conviction relief on that basis, irrespective of whether the direct appeal preceded the *Woods* decision. We do observe, however, that if a claim of ineffective assistance of counsel has been litigated on direct appeal, it is not available in post-conviction proceedings, again irrespective of whether the direct appeal preceded the *Woods* decision. *See Woods*, 701 N.E.2d at 1220 ("The defendant must decide the forum for adjudication of the issue-direct appeal or collateral review. The specific contentions supporting the claim, however, may not be divided

between the two proceedings.") The law on this point was clear prior to *Woods*. *See, e.g., Sawyer v. State*, 679 N.E.2d 1328 (Ind.1997); *Morris v. State*, 466 N.E.2d 13 (Ind.1984).

## II

■ Although the post-conviction court in this case was of the view that Landis's claim of ineffective assistance of counsel was not entitled to review in post-conviction proceedings, the court nevertheless did address the claim on the merits. As noted above, the post-conviction court made findings of fact and conclusions of law. When a post-conviction court makes findings of fact and conclusions of law, the findings must be supported by the evidence and the conclusions supported by the findings. *See Bivins v. State*, 735 N.E.2d 1116, 1121 (Ind.2000) *reh'g denied.*

■ Here the post-conviction court found that "the evidence was overwhelming against the defendant and the verdict of the jury was both reliable and fair." We find the evidence supports the post-conviction court's finding. Indeed, on direct appeal, the Court of Appeals found that "the evidence overwhelmingly demonstrate[s]" guilt. *Landis v. State*, No. 64A03–9604–CR–130, slip op. at 4, 671 N.E.2d 212 (Ind.Ct.App. Oct. 4, 1996) (mem.). On the basis of this finding, the post-conviction court concluded that Landis was not denied the effective assistance of counsel to which he was entitled. *Id.* We hold the finding supports the conclusion. To establish ineffective assistance of counsel, Landis was required to show that (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two prongs of Strickland are separate and independent inquiries; hence "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. As for the second prong, the Supreme Court has recently reaffirmed the *Strickland* standard for prejudice in ineffective of assistance of counsel claims. In *Williams v. Taylor,* the Court held that in most circumstances deficient performance of counsel will only be prejudicial when " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). The post-conviction court's finding that overwhelming evidence supported the conviction was sufficient to support the conclusion of no prejudice in this case.

### Conclusion

We affirm the denial of post-conviction relief.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.