**Earl HARDY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–0205–PC–401.

Court of Appeals of Indiana.

April 21, 2003.

Susan K. Carpenter, Public Defender of Indiana, Anne Murray Burgess, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Earl Hardy was convicted of two counts of robbery as class B felonies, two counts of criminal confinement as class B felonies, and one count of carrying a handgun without a license as a class C felony, and he was determined to be a habitual offender. Hardy appeals the denial of his petition for

post-conviction relief (PCR) with respect to those adjudications, and presents the following restated issue for review: Did Hardy receive ineffective assistance of counsel when trial counsel did not present mitigating evidence at Hardy's sentencing hearing?

We affirm.

The facts underlying Hardy's convictions were set out by this court upon direct appeal as follows:

> [D]uring the early morning hours of February 4, 1995, Troy Heath was driving with his friend, Robert Eldridge. Two men walked in front of Heath's car. One man, later identified as Earl Hardy, stopped, drew a pistol, and said "Pull off or I'm going to blast you with it." Hardy then demanded money from Heath and Eldridge. Eldridge gave Hardy money. Hardy demanded Heath's jewelry. While Heath was removing his jewelry, Hardy struck him with the pistol and told both men to get out of the car and lie face down on the ground. Eldridge ran away. While Heath remained on the ground, he heard Hardy's gun "click" or misfire. As he started to get off the ground Hardy fired the gun and threatened to shoot Heath.
>
> Officer Brad McFarrin was on duty nearby when he saw Eldridge running in his direction from a car that had its doors open and its lights on. He saw a man standing toward the rear of the car and a man laying [sic] beside it. Officer McFarrin arrested Hardy and recovered Heath's jewelry and some money from Hardy. The police also found a handgun lying in the snow a few feet from where Hardy was stopped. Both Eldridge and Heath later identified Hardy as the robber.

*Hardy v. State*, No. 49A02–9705–CR–267, slip op. at 3, 691 N.E.2d 511 (Ind.Ct.App. Dec. 31, 1997).

The trial court imposed twenty-year sentences for each of the class B felony convictions and an eight-year sentence for the C felony conviction. The court ordered that all sentences were to run concurrent with one another, with the exception of the sentences for the two robbery convictions, which were to be served consecutively. Finally, the court imposed a thirty-year enhancement on one of the robbery sentences, for a total executed sentence of seventy years.

As indicated above, Hardy filed a direct appeal challenging his convictions. In that appeal, Hardy presented three issues: (1) did he have sufficient notice of the charges; (2) was there sufficient evidence to support the convictions; and (3) did trial counsel render ineffective assistance of counsel in (a) counsel's "pretrial handling of the enhancement charges[,]" *id.* at 9, (b) counsel's failure to question the victims about the reason they were in the area where the robberies occurred, and (c) counsel's failure to call any witnesses after the State presented its case-in-chief?

Our courts have stated on many occasions that the post-conviction process does not provide an opportunity for a "super-appeal." *See McCary v. State*, 761 N.E.2d 389 (Ind.2002). If a PCR petition has been denied, the petitioner must convince the reviewing court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that of the post-conviction court. In other words, "[t]his Court will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." *Id.* at 391–92 (quoting *Miller v. State*, 702 N.E.2d 1053, 1058 (Ind.1998), *cert. denied*, 528 U.S. 1083, 120 S.Ct. 806, 145 L.Ed.2d 679 (2000)). When conduct-

ing our review, we accept the post-conviction court's findings unless they are clearly erroneous, Ind. Trial Rule 52(A), but accord no deference to its conclusions of law. *Davidson v. State,* 763 N.E.2d 441 (Ind. 2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 857, 154 L.Ed.2d 803 (2003). The post-conviction court is the sole judge in assessing the weight of the evidence and the credibility of witnesses. *Id.*

 Hardy's appeal is based entirely upon a claim of ineffective assistance of trial counsel. As reflected above, he advanced the same claim in his direct appeal, although the specific allegations upon which the previous claim was based differed from the one that is before us here. Our supreme court has held that a post-conviction petitioner may not parcel out several claims of ineffective assistance of trial counsel between a direct appeal and a subsequent post-conviction proceeding, as reflected in the following:

> [I]f a claim of ineffective assistance of counsel has been litigated on direct appeal, it is not available in post-conviction proceedings, again irrespective of whether the direct appeal preceded the *Woods* decision. *See* [*Woods v. State,* 701 N.E.2d 1208, 1220 (Ind.1998), *cert. denied,* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999)] ("The defendant must decide the forum for adjudication of the issue-direct appeal or collateral review. The specific contentions supporting the claim, however, may not be divided between the two proceedings.")

*Landis v. State,* 749 N.E.2d 1130, 1133 (Ind.2001). If a claim of ineffective assistance of trial counsel is presented upon direct appeal, all specific allegations fitting within that category that are not presented on direct appeal are waived. *See id.*

Hardy seeks to avoid waiver by invoking *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). That

case established what amounts to a narrow exception to the two-part *Strickland* test, by which claims of ineffective assistance of counsel are generally measured. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* the petitioner must demonstrate that counsel committed specific errors leading to deficient performance, which in turn resulted in actual prejudice to the petitioner. *Conner v. State,* 711 N.E.2d 1238 (Ind.1999), *cert. denied,* 531 U.S. 829, 121 S.Ct. 81, 148 L.Ed.2d 43 (2000). In *Cronic,* the U.S. Supreme Court created an exception to the *Strickland* inquiry, suggesting that in limited circumstances of extreme magnitude, "a presumption of ineffectiveness" may be justified and that such circumstances are, in and of themselves, "sufficient [to establish a claim of ineffective assistance] without inquiry into counsel's actual performance at trial." *Cronic,* 466 U.S. at 662, 104 S.Ct. 2039. Our supreme court noted that *Cronic* identified three situations that would justify this presumption:

> (1) when counsel is completely denied; (2) when counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; and (3) when surrounding circumstances are such that, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial."

*Conner v. State,* 711 N.E.2d at 1248 (quoting *United States v. Cronic,* 466 U.S. at 659–60, 104 S.Ct. 2039).

 Hardy claims that trial counsel's failure to offer comments at Hardy's sentencing hearing falls under the second category identified in *Cronic.* Even assuming that Hardy is correct in this regard,

he does not explain why that claim is not also subject to waiver. Hardy offers no authority for the proposition that all claims of ineffective assistance of counsel arising under *Strickland* must be identified when the issue is first presented, but similar claims brought under *Cronic* may be presented in serial fashion at a later date, at the defendant's discretion. Although they differ in some respects, claims arising under *Strickland* and *Cronic* are two species of a common genus—ineffective assistance of counsel. We see no reason to subject the former to the rigors of waiver for failing to argue all instances when the first such claim is brought, while exempting the latter from that requirement. Stated in the affirmative, a defendant must present *all* claims of ineffective assistance of counsel, whether they arise under *Strickland* or *Cronic*, at the same time. Those not presented when a claim of ineffective assistance of counsel is first advanced on appeal, regardless of whether they arise under *Strickland* or *Cronic*, are waived. Because Hardy did not argue this specific allegation of ineffective assistance when he first presented other such allegations upon direct appeal, the argument is waived. *See Landis v. State*, 749 N.E.2d 1130.

█ Finally, even were the issue not waived, Hardy is not entitled to reversal thereby because he invited any error inherent in counsel's silence. At the sentencing hearing, the trial court asked Hardy if he wished to address the court before sentence was pronounced. In a long, rambling, contentious colloquy,[1] Hardy maintained his innocence and indicated that he

did not want to make a statement pertaining to his sentence because such might be construed as an admission of guilt. The court asked Hardy if he would like his counsel to make a statement on his behalf and the following colloquy ensued:

> **MR. HARDY:** He can say what he want to say. But as far as myself, no, I don't want him to say anything as far as . . .
>
> **THE COURT:** You don't want him to say anything . . .
>
> **MR. HARDY:** No, I don't feel that he performed his job to show what I wanted.

*Appendix to Brief of Petitioner–Appellant* at 114.

█ " 'A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error.' " *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002) (quoting *Ellis v. State*, 707 N.E.2d 797, 803 (Ind.1999)). Hardy instructed his attorney to remain silent, both for tactical reasons and as an expression of dissatisfaction with counsel's performance to that point. After Hardy expressed this preference, the trial court did not ask defense counsel for comments. Clearly, Hardy invited the error, if any, and cannot now gain reversal on that basis.

Judgment affirmed.

BROOK, C.J., and MATTINGLY–MAY, J., concur.

---

1. Among general allegations of counsel's incompetence, Hardy accused his attorney of lying when counsel claimed that he presented a copy of the presentence report to Hardy for his inspection. Hardy also claimed that the witnesses who testified against him were lying. After the trial court pronounced sentence, Hardy became agitated and started to leave the courtroom. He refused the court's directive to sit down and be quiet. Hardy told the trial court to "shut up," *Appendix* at 125, and called the trial court (although this comment *may* have been directed at defense counsel) a "useless piece of garbage." *Id.* at 126.