**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**TYSON KEPLINGER**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYSON KEPLINGER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1104-PC-359 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey Heffelfinger, Judge
Cause No. 35D01-1008-PC-08
Cause No. 35D01-1008-PC-11
Cause No. 35D01-1010-PC-12

**March 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

In this consolidated appeal, Tyson Keplinger challenges the denial of his petitions for post-conviction relief (PCR petition) in three underlying causes, 35D01-1008-PC-8 (PC-8), 35D01-1008-PC-11 (PC-11), and 35D01-1010-PC-12 (PC-12). Keplinger, pro se, presents the following issues for our review:

1. Did the post-conviction court (PCR court) properly determine that Keplinger knowingly and voluntarily waived his right to counsel when he pleaded guilty in 2002 (PC-12) to possession of a schedule IV controlled substance as a class D felony and possession of marijuana as a class A misdemeanor?

2. Did the PCR court err in concluding that Keplinger did not receive ineffective assistance of counsel when he pleaded guilty in 2006 under a combined plea agreement in PC-8 and PC-11 to possession of marijuana as a class D felony and possession of cocaine as a class D felony, respectively?

3. Did the PCR court properly conclude that Keplinger's guilty plea in PC-8 and PC-11 was knowingly and voluntarily entered?

We affirm.

PC-12: On August 16, 2002, Keplinger, then eighteen years old, was arrested on an active warrant as he walked down Briant Street in Huntington, Indiana. A search incident to arrest revealed that Keplinger had marijuana and five tablets of Alprazolam, a schedule IV controlled substance,[1] on his person. On August 21, 2002, the State charged Keplinger with possession of a schedule IV controlled substance as a class D felony and possession of marijuana as a class A misdemeanor. At an initial hearing that same day, Keplinger was advised of his rights via two different means: (1) during a videotaped advisement of rights that Keplinger was required to watch and (2) through a written advisement of rights form that

Keplinger signed after he read and reviewed the document. Each advisement informed Keplinger of his right to appointed counsel. The video advisement informed him that if he wished to plead guilty he would be waiving his right to counsel. During the initial hearing, the trial court asked Keplinger if he understood his rights as they were presented in the video and advisement of rights form, and Keplinger responded that he did. The court then questioned Keplinger as to whether he wanted a continuance so he could speak to an attorney, wished to have counsel appointed, or wanted to plead guilty. Keplinger immediately informed the court that he wished to plead guilty as charged. The trial court set a guilty plea hearing for one week later.

At the beginning of the guilty plea hearing, Keplinger was again shown the advisement video setting forth his trial rights, including his right to counsel. Keplinger also reviewed and signed a motion to plead guilty as well as an advisement of rights form, both of which advised Keplinger of his trial rights. When questioned by the court, Keplinger clearly indicated he understood his rights and the consequences of pleading guilty. Keplinger unequivocally indicated to the trial court his desire to plead guilty as charged.

The trial court scheduled a sentencing hearing on October 1, 2002. At the start of the hearing, the trial court again advised Keplinger of his rights and inquired of him regarding his desire to plead guilty, to which Keplinger gave an affirmative response. The trial court sentenced Keplinger to concurrent terms of one and one-half years for the class D felony

---

[1] *See* Ind. Code Ann. § 35-48-2-10 (West, Westlaw current through 2011 1st Regular Sess.). Alprazolam is a generic form of Xanax.

conviction and one year for the class A misdemeanor conviction, with all but ninety days suspended to probation.

PC-8: On June 29, 2006, a Huntington police officer observed Keplinger driving a vehicle. The officer knew Keplinger's license had been suspended so he initiated a traffic stop. Keplinger gave the officer consent to search his car, and during such search, the officer found marijuana. Keplinger admitted to his previous 2002 conviction for possession of marijuana in PC-12. Based on his prior conviction, the State charged Keplinger with possession of marijuana as a class D felony on October 10, 2006.

PC-11: On October 20, 2006, Keplinger was arrested on an outstanding warrant. After being detained in the county jail, Keplinger smuggled in cocaine, which he hid in a vent above another inmate's bed. On November 9, 2006, the State charged Keplinger with possession of cocaine as a class D felony.

Attorney John Clifton was appointed to represent Keplinger in both PC-8 and PC-11. Clifton confirmed Keplinger's previous 2002 conviction that was used to enhance his conviction in PC-8 and then proceeded to negotiate a combined plea agreement encompassing PC-8 and PC-11 with the State on Keplinger's behalf. Keplinger never informed Attorney Clifton that he had pleaded guilty in PC-12 without the benefit of counsel. On December 19, 2006, Keplinger pleaded guilty to the charges under both PC-8 and PC-11. In exchange for his plea of guilty, the State agreed to dismiss an unrelated misdemeanor charge under a different cause and to a cap of two years on the executed portion of the sentences imposed under PC-8 and PC-11. Attorney Clifton believed that given Keplinger's extensive criminal history, the plea agreement was a good deal for Keplinger. During the

4

guilty plea hearing for PC-8 and PC-11, Keplinger indicated that his plea was knowing and voluntary. At a January 23, 2007 sentencing hearing, the trial court sentenced Keplinger to concurrent terms of two years for his convictions in PC-8 and PC-11.

Keplinger, pro se, filed a PCR petition in PC-8 on August 2, 2010; a PCR petition in PC-11 on August 18, 2010; and a PCR petition in PC-12 on October 8, 2010. The PCR court held a hearing on both PC-8 and PC-11 on March 21, 2011, and a separate hearing on March 22, 2011 to consider the claims presented in PC-12. The PCR court entered findings of fact and conclusions of law denying Keplinger his requested relief in PC-12 on March 22, 2011. On May 11, 2011, the PCR court entered separate findings and conclusions denying relief in both PC-8 and PC-11.

Keplinger filed a notice of appeal from the denial of his PCR petitions in each of the three underlying causes. Following an assortment of defects and belated brief proceedings, Keplinger filed his appellant's brief in PC-11 on October 20, 2011 and in PC-8 and PC-12 on November 18, 2011. On December 6, 2011, this court granted the State's motion to consolidate the three appellate proceedings under the instant appellate cause number and ordered the State to file its appellee's brief by January 5, 2012.

In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Ritchie v. State,* 875 N.E.2d 706 (Ind. 2007). A petitioner who has been denied post-conviction relief is in the position of appealing from a negative judgment. *Id.* The standard of review for a petitioner denied post-conviction relief is rigorous. For this court to reverse, the petitioner must prove that the evidence unerringly and unmistakably leads to the opposite conclusion. *Id.*

5

1.

Keplinger challenges the post-conviction court's determination that he knowingly and voluntarily waived his right to counsel when he pleaded guilty in 2002 under PC-12. Specifically, Keplinger argues that because the trial court did not adequately advise him of the dangers and disadvantages of self-representation prior to him waiving his right to counsel in a guilty plea context, the post-conviction court's determination is contrary to law.

Keplinger's claim that the trial court was required to advise him of the dangers and disadvantages of self-representation before he could validly waive his right to counsel at the guilty plea stage of the proceedings was recently rejected by our Supreme Court in *Hopper v. State*, 957 N.E.2d 613 (Ind. 2011), *on reh'g*. While an initial hearing conducted in accordance with Indiana's statutory scheme is not a critical stage of the criminal proceeding, the guilty plea stage of a criminal proceeding is a critical stage and a valid waiver of counsel is required for a defendant proceeding pro se. *Id*. The Indiana Code sets forth the advisements and inquiries a court must make before accepting a plea of guilty. Ind. Code Ann. § 35-35-1-2 (West, Westlaw current through 2011 1st Regular Sess.). These requirements include determining that the defendant understands the nature of the charges to which he is pleading, understands that by pleading guilty he waives certain trial-related rights, and understands the range of punishments he faces. I.C. § 35-35-1-2(a)(1)-(3). The court must also determine that the plea is voluntary, and not the product of coercion. I.C. § 35-35-1-3 (West, Westlaw current through 2011 1st Regular Sess.). Finally, with regard to a pro se defendant, the Code requires that he or she has "freely and knowingly waived his right to counsel." I.C. § 35-35-1-1 (West, Westlaw current through 2011 1st Regular Sess.). An

6

advisement as to the dangers and disadvantages of self-representation at the guilty plea stage of the proceedings is not a requirement of the Sixth Amendment or under Indiana law. *Hopper v. State*, 957 N.E.2d 613. To be sure, as our Supreme Court has previously noted, "'a plea hearing conducted in accordance with Indiana Code § 35-35-1-2 [which does not require such an advisement] is the best way to assure that a defendant's plea is made voluntarily and intelligently.'" *Id*. at 620 (quoting *White v. State*, 497 N.E.2d 893, 905 (Ind. 1986)).

Whether a defendant's waiver of his right to counsel is voluntary and intelligent will depend upon an array of case-specific factors. Both the U.S. Supreme Court and our Supreme Court "have deliberately eschewed any attempt to formulate a rigid list of required warning, talismanic language, or formulaic checklist." *Hopper v. State*, 957 N.E.2d at 619. This does not, however, "relieve a reviewing court of the necessity to conduct a thoughtful examination of the record as a whole to determine whether a particular defendant, in a particular stage of a particular case, voluntarily and intelligently waived his right to counsel." *Id*. Our Supreme Court adopted the totality of the circumstances approach for such review. *Hopper v. State*, 957 N.E.2d 613. That is, a reviewing court's focus is on the totality of the circumstances and whether under the circumstances it can be said that the defendant understood his or her rights. *Id*.

As noted above, Keplinger was advised of his rights no less than three times at his initial hearing. Keplinger was specifically advised of his trial rights – including his right to appointed counsel. When questioned by the trial court as to whether he wanted a continuance to speak with an attorney, seek appointment of an attorney, or plead guilty,

7

Keplinger unequivocally stated that he wished to plead guilty as charged. At the guilty plea hearing one week later, Keplinger was again advised of his right to appointed counsel no less than three times. He was required to watch a video advisement and he also signed a motion to enter a plea of guilty and a written advisement and waiver of rights form for a class D felony. The video advisement and both documents Keplinger reviewed and signed included the advisement of Keplinger's right to counsel and the waiver of that right by pleading guilty. The trial court also made sure to advise Keplinger of the charges against him and the penal consequences.

The trial court questioned Keplinger and established that he understood his rights, that he had read and understood the motion to plead guilty and other documents advising him of his rights, and that he was freely and voluntarily pleading guilty. At no time during the proceedings before the trial court did Keplinger appear to be confused as to the meaning of his rights or the consequences of his decision to plead guilty. His responses to the trial court's inquiries were direct and unequivocal.

The transcript of the post-conviction relief hearing does not cast any doubt on the determination that Keplinger understood his rights and was aware of the consequences of pleading guilty. Keplinger does not articulate any negative impact or particularized prejudice and he makes no argument of injustice or innocence. From our review of the record, "[t]his was a clear and unequivocal request to proceed pro se" that was "'sufficiently clear that . . . the defendant should not be able to turn about and urge that he was improperly denied counsel.'" *Id*. at 621 (quoting *Dowell v. State*, 557 N.E.2d 1063, 1065 (Ind. Ct. App. 1990)).

We further note that although Keplinger was eighteen years old when he pleaded

8

guilty in PC-12, he had received his GED and had several prior juvenile adjudications (possession of marijuana, battery, burglary, and fraud) under his belt. Keplinger was not naïve or inexperienced with the criminal justice system.

Under the totality of the circumstances surrounding Keplinger's guilty plea to class D felony possession of a schedule IV controlled substance and class A misdemeanor possession of marijuana, including the repeated and extensive advisements of his trial rights and his unequivocal responses that he understood his rights and the consequences of pleading guilty, the post-conviction court correctly found that Keplinger knowingly and voluntarily waived his right to counsel.[2]

2.

Keplinger argues that the post-conviction court erred in concluding that he was not denied his right to effective assistance of counsel in PC-8 and PC-11.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that he was prejudiced thereby. *French v. State,* 778 N.E.2d 816 (Ind. 2002) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)); *see also Taylor v. State,* 840 N.E.2d 324 (Ind. 2006) (the failure to satisfy either component will cause an ineffective assistance of counsel claim to fail). This is the so-called *Strickland* test. Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State,* 778 N.E.2d 816. To establish the requisite prejudice, a petitioner must show there is a reasonable

9

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Smith v. State,* 765 N.E.2d 578, 585 (Ind. 2002). The two elements of *Strickland* are separate and independent inquiries. Thus, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Landis v. State,* 749 N.E.2d 1130 (Ind. 2001). There is a strong presumption that counsel's representation was adequate. *Stevens v. State*, 770 N.E2.d 739 (Ind. 2002). To overcome this presumption, a petitioner must present strong and convincing evidence. *Id.*

As noted above, Attorney Clifton was appointed to represent Keplinger in both PC-8 and PC-11. In his petition for post-conviction relief, Keplinger claimed that Attorney Clifton rendered ineffective assistance by failing to investigate his prior conviction in PC-12 and discover that his guilty plea in that cause was uncounseled and therefore not knowingly and voluntarily entered. Keplinger's argument is thus that his class A misdemeanor conviction under PC-12 was void and if Attorney Clifton had property investigated such, Attorney Clifton could have used that information in negotiating a more beneficial plea agreement in PC-8 and PC-11.

We have rejected the argument, upon which this claim is premised, i.e., that Keplinger's guilty plea in PC-12 was not knowingly and voluntarily entered. As we concluded above, it was clear from the totality of the circumstances that Keplinger knowingly and voluntarily entered his guilty plea in PC-12. There is nothing on the face of

---

[2] Keplinger also challenges the post-conviction court's determination in PC-12 that he was not entitled to relief under the doctrine of laches. Having concluded that Keplinger was not entitled to relief on his sole

10

the record in PC-12 that would indicate otherwise. Further, at no time did Keplinger complain to Attorney Clifton that he had waived his right to counsel prior to pleading guilty in PC-12. Attorney Clifton was not on notice as to Keplinger's now-asserted claim that his convictions in PC-12 were void.

In any event, Attorney Clifton did investigate and confirm the existence of Keplinger's prior convictions in 2002 for class A misdemeanor possession of marijuana that served as the basis for the class D felony enhancement in PC-8. Attorney Clifton was able to negotiate a plea deal that was more than favorable to Keplinger, especially given Keplinger's criminal history. Indeed, Attorney Clifton secured a combined plea agreement for PC-8 and PC-11 that called for a sentencing cap of two years of executed time for a class D felony possession of marijuana offense and a class D felony possession of cocaine offense. The State also agreed to dismiss a misdemeanor charge pending under a separate cause.

Further, any argument that Clifton's investigation into the PC-12 convictions was lacking is not well taken. Indeed, Attorney Clifton was under no duty to delve into the particular matters underlying the misdemeanor conviction in PC-12 that served to enhance the conviction in PC-8 to a class D felony because such was outside the bounds of his representation in PC-8 and PC-11. To get the relief Keplinger now seeks through his attempt to vacate his conviction in PC-12, Keplinger would have had to challenge such conviction through a post-conviction relief proceeding. Such action is not within the realm of actions that Attorney Clifton could have taken in representing Keplinger in PC-8 and PC-11. Had Attorney Clifton gone the extra mile and further investigated Keplinger's prior conviction, he

challenge to his guilty plea in PC-12, we need not reach the issue of laches.

11

would have found nothing infirm about it so as to advise Keplinger differently.

In short, Keplinger cannot show that he was prejudiced by his counsel's performance. Keplinger's waiver of counsel in PC-12 was knowingly and voluntarily made, and therefore his 2002 conviction for class A misdemeanor possession of marijuana is valid and was properly used to enhance his subsequent conviction to a class D felony.

3.

Keplinger also argues that the post-conviction court erred in concluding that he knowingly and voluntarily pleaded guilty in PC-8 and PC-11. A guilty plea entered after the trial court has reviewed the various rights that a defendant is waiving and has made the inquiries called for by statute is unlikely to be found wanting in a collateral attack. *Hopper v. State*, 957 N.E.2d 613 (citing *White v. State*, 497 N.E.2d 893 (Ind. 1986)). "[D]efendants who can show that they were coerced or misled into pleading guilty by the judge, prosecutor or defense counsel will present colorable claims for relief. *State v. Moore,* 678 N.E.2d 1258, 1266 (Ind. 1997). In assessing the voluntariness of a plea, we review all of the evidence before the post-conviction court, including testimony given at the post-conviction hearing, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits that are a part of the record. *Id.*

The basis for Keplinger's claim that his combined plea in PC-8 and PC-11 was not entered knowingly and voluntarily is that he was misadvised by Attorney Clifton as to the validity of the charges against him given Keplinger's belief that his prior conviction in PC-12 was void and could not be used to enhance his conviction in PC-8 to a class D felony. Keplinger's allegation of involuntariness fails for two reasons: (1) we have concluded that

12

his guilty plea in PC-12 is constitutionally sound and that the misdemeanor conviction is valid; and (2) Attorney Clifton did not misadvise Keplinger and did not render ineffective assistance.  The post-conviction court did not err in rejecting Keplinger's claim that his combined plea in PC-8 and PC-11 was not entered knowingly and voluntarily.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.