## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 06 2015, 8:37 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Stephen T. Owens<br>Public Defender of Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| James T. Acklin<br>Chief Deputy Public Defender<br>Indianapolis, Indiana | Ian McLean<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason D. Smith,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | October 6, 2015<br><br>Court of Appeals Case No.<br>48A05-1503-PC-118<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas Newman, Jr., Judge<br><br>Trial Court Cause No.<br>48C03-1401-PC-7 |

**Baker, Judge.**

[1] Jason Smith appeals the judgment of the post-conviction court denying his petition for post-conviction relief. Finding no error, we affirm.

## Facts

[2] On September 12, 2012, Smith knocked on the door of Dustin Landrum's apartment and asked if he could use Landrum's phone. Landrum told Smith that he did not have a phone and asked Smith to leave. Smith then spit on Landrum, brandished a knife, and threatened to attack him. Landrum called the police.

[3] Officers found Smith a short while later sitting on the porch of a house down the street from Landrum's apartment. Smith walked towards the officers with his hands in his pockets, ignoring their requests that he keep his hands visible. When the officers decided to handcuff Smith, he struggled and attempted to pull his arms away. Once Smith was successfully handcuffed, the officers searched his pockets and found a knife as well as a hypodermic needle.

[4] Smith again resisted when the officers tried to place him in their vehicle and continued behaving in an unruly manner once the vehicle was moving—kicking the door and damaging its hinges in an attempt to jump out. The officers had to pull over so that Smith could be transferred to a more secure vehicle. Once Smith was transferred, one of the officers noticed that his cell phone was missing. This cell phone was later found in Smith's possession when he arrived at Madison County Jail.

[5] On January 14, 2013, Smith pleaded guilty to class D felony intimidation, class D felony unlawful possession of a syringe, class D felony theft, and class A misdemeanor resisting law enforcement. The agreement left sentencing to the discretion of the trial court. It also provided that Smith waived the right to appeal the sentence imposed by the trial court so long as the trial court sentenced Smith within the terms of the plea agreement.

[6] The trial court held a sentencing hearing on January 28, 2013. The State argued that the trial court should impose three-year terms for each class D felony conviction. The State asked that these terms be run consecutively as it believed Smith's offenses were sufficiently separate and unrelated. Smith's attorney responded:

> Judge, these sentences can most be appropriately be ran [sic] concurrent[ly]. They were part of one criminal episode to which my client has readily admitted that he was involved. And that is a mitigating factor in your sentence and consideration.

Ex. A p. 20-21. Following the hearing, the trial court sentenced Smith to three-year consecutive terms for his intimidation, unlawful possession of a syringe, and theft convictions, and to a concurrent one-year term for resisting law enforcement. This resulted in a total term of nine years.

[7] Smith did not directly appeal this sentence. Instead, in May 2013, Smith filed a motion to correct erroneous sentence with the trial court, arguing that his

offenses constituted a single episode of criminal conduct. At the time that Smith committed his offenses, Indiana Code section 35-50-1-2(c)[1] provided:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Accordingly, Smith argued that his term of imprisonment should not have exceeded four years—the advisory term for a class C felony. I.C. § 35-50-2-6. The trial court denied Smith's motion on September 22, 2013.

[8] On January 23, 2014, Smith filed a petition for post-conviction relief. Smith argued that his trial counsel had provided him with ineffective assistance by failing to argue that his offenses arose out of a single episode of criminal conduct. The post-conviction court denied Smith's petition, reasoning that Smith had waived his claim by failing to raise it on direct appeal, that Smith's attorney had, in fact, argued that his offenses constituted a single episode of criminal conduct, and that, waiver notwithstanding, his offenses were separate and not subject to the single episode cap. Smith now appeals.

---

[1] Recent amendments to this section took effect on July 1, 2014. We cite the version of this section that was in effect at the time Smith committed his offenses.

# Discussion and Decision

[9] When appealing from the denial of a petition for post-conviction relief, the petitioner "must establish that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000). We accept the post-conviction court's findings of fact unless they are clearly erroneous but we do not defer to its conclusions of law. *Bigler v. State*, 732 N.E.2d 191, 194 (Ind. Ct. App. 2000).

[10] Smith argued before the post-conviction court that all of his offenses arose out of a single episode of criminal conduct. On appeal, he has changed his position, and now argues that only his intimidation and unlawful possession of a syringe convictions arose out of a single episode of criminal conduct. Accordingly, Smith believes that the six-year portion of his term relating to these convictions should be reduced to four years, as would be required under Indiana Code section 35-50-1-2(c).

[11] In support of his argument, Smith relies on decisions of this Court holding that when "a defendant possesses contraband on his person as he simultaneously commits other criminal offenses, the offenses should be deemed part of a single episode of criminal conduct." *Johnican v. State*, 804 N.E.2d 211, 218 (Ind. Ct. App. 2004); *see also Cole v. State*, 850 N.E.2d 417 (Ind. Ct. App. 2006); *Ratliff v. State*, 741 N.E.2d 424, 436 (Ind. Ct. App. 2000) (Mathias J., dissenting). Other decisions of this Court appear to be at odds with this holding. *See Deshazier v.*

*State*, 877 N.E.2d 200, 212 (Ind. Ct. App. 2007) (consecutive sentences for resisting arrest, carrying an unlicensed handgun, and possession of marijuana upheld where evidence indicated that defendant "must have come into possession of the handgun and marijuana at some point before he encountered the officers."); *Ratliff*, 741 N.E.2d at 432.

[12] Assuming that these holdings need clarification, we are not presented with an opportunity to do so in this case. Smith has certainly waived this issue by failing to bring a direct appeal and his attempt to reframe it as an ineffective assistance of counsel claim fails because his counsel clearly raised this issue before the trial court.

[13] Our Supreme Court has made clear that post-conviction proceedings do not substitute for direct appeals and "[i]ssues that were available, but not presented, on direct appeal are forfeited on post-conviction review." *Ben-Yisrael*, 738 N.E.2d at 258. Smith does not maintain that this issue was unknown or unavailable when he was sentenced. He instead argues that he "could not have raised the claim on direct appeal" as his "written plea agreement provided that he waived the right to appeal his sentence." Appellant's Br. p. 14.

[14] Smith directs our attention to *Crider v. State*, in which our Supreme Court observed that "our jurisdprudence stands for the proposition that in Indiana, a defendant can waive his right to appeal an illegal sentence" so long as such sentence is "explicitly provided for in the plea agreement." 984 N.E.2d 618, 623-24 (Ind. 2013). However, the Court made clear that this was only the case

where such sentences were explicitly provided for in the plea agreement and that "the 'default rule' for plea agreements is that sentences will be determined and imposed legally, where there is no agreement otherwise." *Id.* at 625.

[15] Smith incorrectly asserts that *Crider* announced a new rule of law and that, as it was decided several months after he was sentenced, there was no authority under which he could appeal his sentence at the time. However, *Crider* announced no new rule but merely explained the law as it stood. *Id.* at 622-25. Applied to Smith's case, *Crider* makes clear that Smith could certainly have appealed a sentence he believed to be illegal, as his plea agreement did not explicitly provide for an illegal sentence but instead left sentencing open to the trial court. Ex. B p. 25.

[16] Smith next attempts to avoid waiver by framing his claim as one of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Smith must show that his trial counsel committed specific errors that fell below an objective standard of reasonableness and that Smith was prejudiced by these errors. *Hardy v. State*, 786 N.E.2d 783, 786 (Ind. Ct. App. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[17] Here, we need not begin this analysis because the record makes clear that Smith's trial counsel did not commit the errors Smith alleges. At the sentencing hearing, Smith's trial counsel argued that Smith's offenses constituted a single episode of criminal conduct, stating:

Judge, these sentences can most be appropriately be ran [sic] concurrent[ly]. They were part of one criminal episode to which my client has readily admitted that he was involved. And that is a mitigating factor in your sentence and consideration.

Ex. A p. 20-21.

[18] Smith maintains that this statement portrays a misunderstanding of the law because it implies that the law requires sentences for offenses committed during a single episode of criminal conduct to be run concurrently. Smith is correct to point out that this is not the case, and that instead, Indiana Code section 35-50-1-2, if applied, would have capped his total sentence at the advisory term for a class C felony, which is one class higher than the most serious class of felony that Smith committed.

[19] We note that, even had such an implication existed, it would not have been to Smith's detriment. Had his terms been run concurrently, he would have received a three-year sentence, which would have been preferable to the four-year sentence he would have received had the episode cap applied. However, we find no such implication in the above-quoted language and understand Smith's trial counsel to have argued alternatively that Smith's sentences should be run concurrently *and* that his offenses arose out of one episode of criminal conduct. We find that trial counsel's decision to make both arguments was entirely appropriate and in Smith's interest.

[20] We need not decide whether Smith's offenses arose out of a single episode of criminal conduct. Smith's failure to raise the issue on direct appeal means that

it is not now properly before us. The issue was clearly known and available to Smith immediately following his sentencing and was, in fact, put before the trial court for its consideration. Accordingly, we find that Smith has waived the issue and that his counsel did not render ineffective assistance.

[21] The judgment of the post-conviction court is affirmed.

Robb, J., and Pyle, J., concur.