## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 08 2016, 8:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David E. Deal
Indianapolis, Indiana

Rodney T. Sarkovics
Sarkovics Law
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Byung Soo Kim, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | June 8, 2016 <br><br> Court of Appeals Case No. 79A02-1511-PC-1817 <br><br> Appeal from the Tippecanoe Superior Court. <br> The Honorable Sean M. Persin, Judge. <br> Cause No. 79D05-1504-PC-1 |

**Friedlander, Senior Judge**

[1] Byung Soo Kim appeals from the post-conviction court's order denying his petition for post-conviction relief, contending that his trial counsel was ineffective and that he was prejudiced by the inadequate representation. The

sole issue Kim raises on review is whether he received ineffective assistance of trial counsel. We affirm.

[2] Kim is from South Korea. He came to the United States on an F-1 Visa to attend Purdue University in Lafayette, Indiana. On April 26, 2012, Kim removed a laptop that belonged to another student from the lobby of a residence hall. At the time the incident occurred, Kim was a sophomore at the university. Kim had the laptop in his possession for approximately three or four days before he was apprehended by campus police when he attempted to logon to the laptop using his personal credentials. Kim admitted to police he took the laptop.

[3] On May 1, 2012, Kim was charged with Class D felony theft.[1] Kim retained attorney Russell Stults to represent him in the matter. Kim eventually entered into a written plea agreement and agreed to plead guilty to Class A misdemeanor conversion.[2] The theft charge was dismissed. A guilty plea hearing was held on February 20, 2013. The trial court accepted the guilty plea and sentenced Kim to ninety days in jail, which was suspended to unsupervised probation. Kim graduated from Purdue University in May 2015.

[4] Kim filed a petition for post-conviction relief on April 10, 2015, arguing ineffective assistance of trial counsel. Kim claimed counsel failed to properly

---

[1] Ind. Code § 35-43-4-2(a) (West, Westlaw 2009).

[2] Ind. Code § 35-43-4-3(a) (West, Westlaw 2011).

advise him of the impact a criminal conviction would have on his immigration status. He further claimed that had he been properly advised, there is a reasonable probability he "would have pursued alternative dispositions." *See* Appellant's App. p. 11, Verified Petition for Post-Conviction Relief. A hearing was held on the matter on July 16, 2015. On October 6, 2015, the post-conviction court issued written findings of fact and conclusions of law denying Kim's request for post-conviction relief.

[5] The findings of fact and conclusions of law provide, in relevant part, as follows:

FINDINGS OF FACT

1.   At all relevant times herein, Petitioner has been a Korean national. He was admitted to the United States on an F-1 student visa for the limited purpose of attending Purdue University.

2.   Petitioner studied English as a second language in Korea starting at the age of 10. He attended a college preparatory school in Canada for three year [sic], then attended Purdue University and graduated with a G.P.A. of 2.68. Petitioner was required to read, write and speak the English [sic] while attending school in Canada and the United States.

3.   The Court takes judicial notice of 79D05-1205-FD-213[, Kim's guilty plea case]. [3]

4.   As part of the Initial Hearing in FD-213, Petitioner read an Advice of Rights form, which advised: "If you are not a United States citizen, a conviction may affect your

---

[3] The post-conviction court took judicial notice of, and relied upon, documents outside of the post-conviction proceeding.

immigration status." Petitioner signed the Advice of Rights form, acknowledging that he read the form and understood his rights.

5. Prior to his guilty plea, Petitioner read another Advice of Rights form, which advised: "If you are not a United States citizen, a conviction may affect your immigration status." Petitioner signed this Advice of Rights form, acknowledging that he read the form and understood his rights.

6. Petitioner did not request an interpreter for the guilty plea hearing. A review of the transcript shows Petitioner appropriately responded to questions in court. Petitioner understood the proceedings.

7. Petitioner was represented by an attorney at the guilty plea hearing.

8. Although it is unclear what immigration advice Mr. Stult[s] provided, Petitioner clearly discussed his immigration status with Mr. Stult[s] prior to the guilty plea hearing, and Petitioner's mother was included in those discussions.

9. Petitioner was not deported as a result of his conviction for Conversion as a Class A misdemeanor and 90 day suspended sentence. Rather, he was allowed to stay in the United States and receive his degree from Purdue University.

10. Petitioner has now returned to Korea,[4] and he has no immediate plans to return to the United States.

11. Petitioner testified that he has filed this request for post-conviction relief because he is embarrassed by his conviction. He has not shown any prejudice resulting

---

[4] At the time Kim's post-conviction hearing was held, he had completed his probation. Kim was scheduled to leave the country and return to Korea approximately two weeks after the post-conviction hearing was held.

from the advice he received from his prior attorney, Mr. Stult[s].

12. Petitioner received the benefit of a plea agreement that dismissed a felony theft charge, resulted in no jail time, and allowed him to graduate from Purdue University, despite strong evidence, including a confession to law enforcement officers. Petitioner has failed to present credible evidence that he would have acted differently upon receiving different advice from his prior attorney, Mr. Stult[s].

CONCLUSIONS OF LAW

13. Petitioner was informed that pleading guilty to Conversion as a Class A misdemeanor could affect his immigration status, and he understood his rights.

14. Based on the post-conviction evidence presented by Petitioner, the Court cannot say that trial counsel was ineffective under the *Segura* [*v. State*, 749 N.E.2d 496 (Ind. 2001)] or *Padilla* [*v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L. Ed. 2d 284 (2010)] standards.

15. Petitioner has failed to show any prejudice resulting [sic] the advice of [his trial counsel] or the plea agreement, which dismissed a felony charge, resulted in no additional jail time, and allowed him to graduate from Purdue University.

16. Petitioner is most concerned about the stigma of having a criminal conviction on his record. The Court notes that nothing in this Order shall prevent Petitioner from filing a petition to expunge the records once he [sic] eligible to do so.

Accordingly, the Court now DENIES Petitioner's request for post-conviction relief.

*Id*. pp. 6-7. Kim appeals the denial of his petition for post-conviction relief.

"The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id*. at 274. "To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id*. The post-conviction court in this case made findings of fact and conclusions of law. "Although we do not defer to the post-conviction court's legal conclusions, '[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made.'" *Id*. (quoting *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000), (internal quotation omitted)).

A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State,* 763 N.E.2d 441, 444 (Ind. 2002), (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984))*.* Failure to satisfy either of the two elements will cause the claim to fail. *Gulzar v. State,* 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State,* 778 N.E.2d 816, 824 (Ind. 2002)),

*trans. denied*. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Trujillo v. State,* 962 N.E.2d 110, 114 (Ind. Ct. App. 2011) (citing *Landis v. State,* 749 N.E.2d 1130, 1134 (Ind. 2001)). "There is a strong presumption that counsel rendered adequate service." *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013).

[8] Kim contends his trial counsel was ineffective because he failed to "properly advise [him] of the immigration consequences associated with his criminal misdemeanor conviction." Appellant's Br. p. 5. According to Kim, he learned after signing his plea agreement his conviction could preclude his reentry into the United States. Kim maintains he would not have pled guilty had he been properly advised.

[9] Because Kim's claims for post-conviction relief are based on his contention that he received ineffective assistance of counsel as part of his guilty plea, we examine his claims under *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). *Segura* categorizes two main types of ineffectiveness in relation to a guilty plea, the second of which is implemented here. *See Clarke v. State*, 974 N.E.2d 562, 565 (Ind. Ct. App. 2012). This second category relates to claims of improper advisement of penal consequences, and is divided into two subcategories: (1) "claims of promised leniency;" and (2) "claims of incorrect advice as to the law." *Segura*, 749 N.E.2d at 504.

[10] Kim's claim of ineffective assistance of counsel falls under the second subcategory of the improper advisement of penal consequences. To state a

claim for post-conviction relief under this subcategory, a petitioner must "establish, by objective facts, circumstances that support the conclusion that counsel's error in advice as to penal consequences were material to the decision to plead." *Id*. at 507. It is appropriate to consider, along with the special circumstances presented, "the strength of the State's case," which a reasonable defendant would take into account when pondering a guilty plea, and "the benefit conferred upon the defendant." *Suarez v. State*, 967 N.E.2d 552, 556 (Ind. Ct. App. 2012), *trans. denied*. "[I]f the post-conviction court finds that the petitioner would have pleaded guilty even if competently advised as to the penal consequences, the error in advice is immaterial to the decision to plead and there is no prejudice." *Segura*, 749 N.E.2d at 505.

[11] Regarding Kim's allegation that his trial counsel's performance was deficient, we disagree. Although it is unclear what immigration advice Kim's counsel provided him, the post-conviction court found Kim's trial counsel discussed potential immigration consequences with Kim and that Kim's mother was included in the discussions. Also, Kim was not facing deportation;[5] and, it appears, contrary to Kim's belief, his conviction may not affect his eligibility to return to the United States[6]. Furthermore, Kim's trial counsel did not testify at

---

[5] *Cf. Padilla v. Kentucky*, 559 U.S. 356, 369, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284, 296 (2010) (where client is a noncitizen, and law as to immigration consequences of plea is unambiguous, defense counsel must advise that *deportation* "will" result from a conviction; but where immigration consequences of a conviction are unclear, counsel must advise that *deportation* "may" result), emphasis added.

[6] In his post-conviction relief petition, Kim implies that under 8 U.S.C. § 1182(a), his conviction for conversion would prevent him from being able to return to the United States. However, it appears under this section of the code, Kim would be eligible to return to the United States. The provision provides in relevant

the post-conviction hearing.[7] From this, we may infer trial counsel would not have corroborated Kim's ineffective counsel allegations. *See Oberst v. State*, 935 N.E.2d 1250, 1254 (Ind. Ct. App. 2010) (when counsel is not called to testify in support of petitioner's arguments, post-conviction court may infer counsel would not have corroborated petitioner's allegations), *trans. denied*.

[12] Even assuming, arguendo, that Kim's trial counsel performed below prevailing professional norms by not discussing more fully the potential immigration consequences of pleading guilty, Kim has shown no prejudice. Kim offers only general statements that he would not have pled guilty had he been properly advised by trial counsel. At his post-conviction hearing, Kim testified: "If I [had been informed that pleading guilty could preclude my ability to reenter the United States at a later date,] I would have asked my [trial counsel] if I had other options." Tr. p. 33. In his Verified Petition for Post-Conviction Relief, Kim states he "would have . . . decided not to give up his right to trial" had he

---

part: ". . . aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States: . . . any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime . . . ." *See* 8 U.S.C. 1182(a), 8 U.S.C. 1182(a)(2)(A)(i)(I). This clause, however, does not apply "to an alien who committed only one crime if . . . the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months . . . ." *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

[7] The prosecutor attempted to subpoena Kim's trial counsel to testify at the post-conviction hearing and attempted to enter into evidence an affidavit from trial counsel. Regarding the subpoena, defense counsel argued, "We certainly didn't subpoena [trial counsel] because I don't believe we need him to make our PCR petition." Tr. p. 3. Regarding trial counsel's affidavit, defense counsel stated, "I was provided [the affidavit] . . . at approximately three or four p.m. [sic] maybe a little later. . . And so, we object for not only the late notice but also the fact that I don't [sic] any way to cross[-]examine [trial counsel]." *Id*. The affidavit was not admitted.

been properly advised by his trial counsel. Appellant's App. p. 9. Kim's general statements, however, are insufficient to establish prejudice based on improper advice from counsel. *See Segura*, 749 N.E.2d at 508 (Segura failed to meet required standard to show prejudice based on improper advice from counsel on penal consequences because he "offer[ed] nothing more than the naked allegation that his decision to plead would have been affected by counsel's advice.")

[13] Furthermore, the post-conviction record indicates Kim was advised by the trial court of the immigration consequences of pleading guilty. Prior to pleading guilty, Kim signed two Advice of Rights forms that advised: "If you are not a United States citizen, a conviction could affect your immigration status." Appellant's App. p. 6. By signing the forms, Kim acknowledged that he read and understood the information contained in the forms. At the guilty plea hearing, the trial court asked Kim if he understood his rights as explained in the Advice of Rights forms. Kim answered in the affirmative.[8]

[14] Regarding the State's case against Kim, the amount of incriminating evidence, including a confession to campus police, strongly supports the presumption that

---

[8] In his affidavit in support of his petition for post-conviction relief and at his post-conviction hearing, Kim maintained he did not "understand what was going on" when he was talking to the judge during the guilty plea proceedings and that he had difficulty understanding what occurred at this guilty plea hearing. *See* Appellant's App. p. 13 and Tr. pp. 38-39. But, Kim did not request an interpreter at his guilty plea hearing. An interpreter was present for Kim's post-conviction relief hearing.

Kim would not have risked proceeding to trial on a charge of Class D felony theft. Furthermore, Kim derived great benefit from the guilty plea. By accepting the plea deal, Kim received a ninety-day jail sentence that was suspended to unsupervised probation, and he was allowed to continue pursuing his education at Purdue University. In addition, Kim testified that he has no plans to return to the United States. Kim has failed to meet his burden of demonstrating prejudice as a result of counsel's alleged failure to properly advise him regarding immigration consequences.

We find Kim's trial counsel's performance was not deficient and Kim has failed to show how any alleged deficient performance prejudiced him.

Judgment affirmed.

Robb, J., and Bailey, J., concur.